UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

In re:

Francis Anthony Todor,
Deborah Ranee Todor,

      Debtors.

---

CREDIT BUREAU OF JOSEPHINE COUNTY,

      Plaintiff/Appellee,

v.

DEBORAH R. TODOR,

      Defendant/Appellant.

---

Case No. 6:15-cv-01120-AA
Bankr. Case. No. 11-64859-fra
Adv. Proc. No. 14-06195-fra

OPINION AND ORDER

AIKEN, Judge:

Defendant/appellant Deborah Todor appeals a ruling of the United States Bankruptcy Court. The Bankruptcy Court found that plaintiff/appellee Credit Bureau of Josephine County, Inc. (Credit Bureau) did not engage in deceptive and misleading communications by omitting "Inc." from its name in the caption of a small claims complaint filed against Todor. The decision of the bankruptcy court is affirmed.

1   - OPINION AND ORDER

STANDARD

The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr. P. § 8013. Issues of law are reviewed de novo, as are mixed questions of law and fact. *In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997); *In re Jodoin*, 209 B.R. 132, 135 (9th Cir. B.A.P. 1997).

DISCUSSION

The only issue raised in this bankruptcy appeal is whether a small claims complaint filed against Todor by Credit Bureau constituted a false or misleading representation under the Federal Debt Collection Practices Act (FDCPA). *See* 15 U.S.C.A. § 1692e(1) and (9). The Bankruptcy Court found that it did not, and Todor appeals that finding. ER 43-44.

The small claims complaint served on Todor indicated that the proceeding was filed "In the Circuit Court of the State of Oregon for Josephine County Small Claims Department." The plaintiff is named as "Credit Bureau of Josephine County," rather than "Credit Bureau of Josephine County, *Inc.*," the Credit Bureau's full corporate name. The complaint includes the parties' respective addresses and asserts that Todor owes "the sum of $275.50…for goods and services to Ear, Nose & Throat Associates." ER 46. Todor argues that the omission of "Inc." from Credit Bureau's name in the caption and elsewhere on the complaint created the false impression that Credit Bureau was associated with the governmental entity of Josephine County, particularly when complaint did not identify Credit Bureau as a debt collection agency.

Initially, I find interesting Todor's declaration that she was misled by the small claims complaint. Todor declares that she was confused "about who the complaint was from" and thought it might be "from the county." ER 68. However, Todor admits she previously had received communications from Credit Bureau when it attempted to collect the same debt, and

such communication clearly identified Credit Bureau as a debt collection agency. ER 67-68, 73, 79. Todor does not explain why she would become confused by a subsequent small claims complaint filed by the same entity attempting to collect the same debt. Regardless, I find no violation of the FDCPA. The relevant statutory provisions provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform or facsimile thereof.
> >
> > . . .
> >
> > (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

15 U.S.C.A. § 1692e(1) and (9).

Aside from Credit Bureau's use of "Josephine County" in its corporate name, the small claims complaint in no way implies that the Credit Bureau is affiliated with the governmental subdivision of Josephine County. I do not find that the mere omission of "Inc." from Credit Bureau's name in the small claims complaint to be deceptive or misleading as a matter of law, when the complaint otherwise included the approved attributes of Credit Bureau's corporate name and indicated that Credit Bureau was pursuing a debt owed to an original creditor.

Even if the omission of "Inc." could be construed as slightly misleading, it was not a material misrepresentation that affected Todor's ability to "intelligently choose" her response to the complaint. *Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014). Todor was required to respond to the complaint regardless of who filed it. Moreover, the complaint provided Credit Bureau's

3    -  OPINION AND ORDER

correct (if incomplete) name and address, and it identified the original creditor and the amount of the debt. Quite simply, the small claims complaint contains no "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.* (quoting *Donohue v. Quick collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)). Finally, the small claims complaint was authentic and was not "falsely represented" to be authorized by Josephine County or the Circuit Court.

Plaintiff nonetheless relies on *Tourgeman* to support her argument. However, in that case, several letters and a court complaint completely misidentified the original loan creditor and included an incorrect account number. *Id.* at 1119, 1123. Here, Credit Bureau did not misidentify itself or the original creditor, and it provided relevant information regarding the original debt, thus apprising Todor of the relevant circumstances already known to her. Given these facts, along with Todor's prior communications with Credit Bureau, the omission of "Inc." from Credit Bureau's name in the complaint was nothing more than a "technical falsehood" that misled "no one." *Id.* at 1119 (quoting *Donohue*, 592 F.3d at 1034).

## CONCLUSION

The decision of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

Dated this 29 day of March, 2016.

_____
Ann Aiken
United States District Judge